IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RUSSELL WILLIAM BRADLEY,

    Plaintiff,
v.                                                    CASE NO. 3:16-cv-466-MCR-GRJ

JOSEPH LAMAR ANGLIN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case on September 16, 2016, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff then filed an amended complaint on October 28, 2016. (ECF No. 6.)

Upon review of the amended complaint, the Court identified several deficiencies and directed Plaintiff to file a second amended complaint or notice of voluntary dismissal by November 21, 2016. (ECF No. 5.) The Court warned Plaintiff that failure to comply with the Court's order within the allotted time, or to show cause why Plaintiff is unable to comply, would result in a recommendation to the district judge that the case be dismissed for failure to prosecute and for failure to state a claim. (*Id.*)

On November 21, 2016, Plaintiff filed a motion for extension of time.

(ECF No. 11.) The Court granted the motion and directed Plaintiff to file his second amended complaint by December 13, 2016. (ECF No. 12.)

By January 20, 2017, however, Plaintiff had failed to file his second amended complaint. Accordingly, the Court ordered Plaintiff to show cause by February 21, 2017, as to why his case should not be dismissed for failure to comply with the Court's order and for failure to prosecute. (ECF No. 13.) The Court again warned Plaintiff that failure to comply with the Court's order within the allotted time, or to show cause why Plaintiff is unable to comply, would result in a recommendation to the district judge that the case be dismissed for failure to prosecute and for failure to state a claim. (*Id.*) As of the date of this report and recommendation, Plaintiff has failed to file his second amended complaint.

A district court has the inherent authority to manage its own docket "to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. East Coast Ry. Co.*,

385 F.2d 366, 367 (5th Cir. 1967).

Plaintiff has failed to respond to the Court's Orders and has failed to file a second amended complaint. This case is therefore due to be dismissed for failure to prosecute and failure to comply with an order of the Court.

Accordingly, it is respectfully **RECOMMENDED** that this case should be dismissed for failure to prosecute and failure to comply with an order of the Court, and the case should be closed.

**IN CHAMBERS** this 10th day of March, 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**